## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

Civil Action No.___3:21-cv-00748_____

VANESSA R. MCDONALD,

      Plaintiff,

v.

PROFESSIONAL DEBT MEDIATION,
INC.,

      Defendant,

_____/

## COMPLAINT

**NOW COMES** Plaintiff, VANESSA R. MCDONALD ("Plaintiff"), by and through her undersigned counsel, complaining of the Defendant, PROFESSIONAL DEBT MEDIATION, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et. seq.* and the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.    VANESSA R. MCDONALD ("Plaintiff") is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in Jacksonville, Florida.

6.    PROFESSIONAL DEBT MEDIATION, INC. ("Defendant") is a corporation with its principal place of business located at 8657 Baypine Road, Suite 201, Jacksonville, Florida.

7.    Defendant's principal purpose of business is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumer across the United States.

**FACTUAL ALLEGATIONS**

8.    At some point, Plaintiff purchased a 2004 Chevrolet Cavalier ("vehicle").

9.    In or around October 2020, the vehicle was broken into, which required that the vehicle be towed to a body shop for repairs.

10.    Plaintiff's vehicle was towed by ASAP Towing & Storage Co. ("ASAP") to a private impound lot awaiting pick up by the body shop.

11.    Eventually, Plaintiff decided to turn the vehicle over to ASAP.

12.    Plaintiff signed the title over to ASAP on December 18, 2020.

13.    ASAP stopped charging storage fees on the same date, December 18, 2020.

14.    Plaintiff's receipt from ASAP specifically stated "This letter is stating that there is going to be No Lien/Collections against you or the vehicle/vessel impounded."

15.    The receipt also stated, "Title was given in exchange for fees."

16.   However, the Release Invoice for the vehicle shows a balance for storage of the vehicle in the amount of $1,315 ("subject debt").

17.   Plaintiff did not pay the subject debt, as her receipt stated that there would be no collection activity against her for charges owed.

18.   Eventually, ASAP placed the subject debt with Defendant for collections.

19.   Unfortunately, ASAP and Defendant are seeking to collect the subject debt from Plaintiff, who was released from any responsibility for the subject debt when she signed the vehicle over to ASAP.

20.   In or around late February 2021, Plaintiff spoke with Defendant, explained the details of the account, and disputed the subject debt.

21.   Defendant requested that Plaintiff send copies of her previous title and the title transfer receipt.

22.   On March 4, 2021, Plaintiff sent Defendant the requested documents; however, Defendant is still attempting to collect the subject debt.

23.   Frustrated with Defendant's unwillingness to resolve the matter, Plaintiff was forced to expend time and energy to retain counsel due to Defendant's conduct and has incurred attorney's fees.

**COUNT I:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24.   Paragraphs 8-23 of this Complaint are expressly adopted and incorporated as though fully set forth herein.

25.   Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26.   Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

27.   The debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28.   Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

29.   Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7).

### a.  Violations of FDCPA §§1692e and 1692f

30.   Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

31.   Defendant violated §1692e by falsely representing that Plaintiff still owed the subject debt after Plaintiff provided proof that she was not responsible for the subject debt.

32.   Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

33.   Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

34.   Defendant unfairly and unconscionably attempted to charge Plaintiff for the storage fees after she had transferred title of the vehicle over to ASAP in exchange for a promise of no collection action against her.

35.   Even more, once Plaintiff advised Defendant of the details and provided Defendant with paperwork, Defendant still attempted to collect the subject debt from Plaintiff.

36.   Specifically, Defendant was attempting to collect on a debt that Plaintiff did not owe.

37.   As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, VANESSA R. MCDONALD, requests that this Honorable Court:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d.   Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

38.Paragraphs 8-23 of this Complaint are expressly adopted and incorporated as though fully set forth herein.

### a.  Violation(s) of Fla. Stat. § 559.72(7)

39.Subsection 559.72(9) of the CCPA provides:

In collecting consumer debts, no person shall:

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that they right does not exist.

Fla. Stat. § 559.72(9).

40. Defendant violated Fla. Stat. § 559.72(7) by continuing collection efforts on the subject debt after Plaintiff had provided proof that she did not owe the subject debt.

41. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, VANESSA R. MCDONALD, requests the following relief:

a.   a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b.   an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c.   an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d.   an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 28, 2021                    Respectfully submitted,

**VANESSA R. MCDONALD**

*By: /s/  Alexander J. Taylor*

Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com